## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:16-CV-00141-TBR

RABEN TIRE CO., LLC,                                        Plaintiff,

v.

DENNIS MCFARLAND, *et al.*,                               Defendants.

### MEMORANDUM OPINION

Raben Tire Co., LLC filed this action against two of its former employees, Dennis R. McFarland and Christopher Bates, and their new employer, CBA Tire Inc. and Antioch Tire, Inc., d/b/a Tredroc Tire, bringing claims for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1831 *et seq.*, and the Kentucky Uniform Trade Secrets Act (KUTSA), Ky. Rev. Stat. § 365.880 *et seq.*, along with a handful of additional common-law claims.  Pursuant to Federal Rule of Civil Procedure 12(b)(6), McFarland, Bates, and Tredroc Tire move to dismiss Raben Tire Co.'s complaint.  Because Raben Tire Co. has not plausibly alleged how the information in question qualifies as a "trade secret" under federal law, the Court dismisses Raben Tire Co.'s claim under the DTSA and declines to exercise supplemental jurisdiction as to the remaining state-law claims.  Accordingly, McFarland, Bates, and Tredroc Tire's Motion to Dismiss, [R. 12], is **GRANTED IN PART** and **DENIED IN PART**.

### I.

### A.

Raben Tire Co., LLC is engaged in the business of selling and installing tires for commercial vehicles and construction equipment, including "off-the-road" tires.  [R. 1 at 3, ¶ 8 (Complaint).]  Dennis R. McFarland and Christopher Bates are former managerial

employees of Raben Tire Co.  [*Id.* at 3–4, ¶¶ 10–11.]  Sometime in the early 2016, both McFarland and Bates notified Raben Tire Co. of their intent to resign.  [*Id.* at 4, ¶ 12.] McFarland resigned on April 15, and Bates resigned on June 24, 2016.  [*Id.* at 3–4, ¶¶ 10–11.]  Raben Tire Co. alleges, upon information and belief, that McFarland and Bates now work for CBA Tire Inc. and Antioch Tire, Inc., which operate under the assumed name of Tredroc Tire, a competitor of Raben Tire Co.  [*Id.* at 4, ¶ 12.]

Prior to resigning and for some time thereafter, Raben Tire Co. claims that McFarland and Bates transferred "confidential and proprietary information" to Tredroc Tire.  [*Id.*, ¶ 13.]  It identifies three categories of allegedly confidential information: (1) sales commission reports showing sales from Raben Tire Co.'s customers who were assigned to Bates at that time, [*id.*, ¶ 13(a)]; (2) the names of the individuals responsible for tire purchases at Vigo Coal, Whayne Equipment Company, and Vulcan Materials, ostensibly customers of Raben Tire Co., [*id.* at 5–6, ¶ 13(b), (e)]; and (3) a possible location for a new service center, which Raben Tire Co. had disclosed to Bates after his resignation during negotiations about possibly retaining him in some different capacity, [*id.*, ¶ 13(d)].  Other than labeling that information as "confidential" in its complaint, however, Raben Tire Co. has not alleged any steps that it took to protect the information from disclosure.  [*See generally id.* at 4–7, ¶¶ 13–18.]

## B.

Raben Tire Co. filed this action against McFarland, Bates, and Tredroc Tire, bringing claims for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1831 *et seq.*, and the Kentucky Uniform Trade Secrets Act (KUTSA), Ky. Rev. Stat. § 365.880 *et seq.*, along with common-law claims for

conspiracy, tortious interference, and conversion.  [*Id.* at 1–2, ¶ 5.]  It seeks monetary and injunctive relief.  [*Id.* at 7–8.]  Pursuant to Federal Rule of Civil Procedure 12(b)(6), McFarland, Bates, and Tredroc Tire move to dismiss Raben Tire Co.'s complaint.  [*See* R. 12 at 1 (Motion to Dismiss).]  Raben Tire Co. not only opposes that motion, [*see* R. 16 (Response)], and but also asks for leave to conduct discovery to support a motion for preliminary injunctive relief, [*see* R. 8 (Motion for Leave to Conduct Discovery)].

## II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing."  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted.  *Id.* at 679.  The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief."  *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

### III.

McFarland, Bates, and Tredroc Tire move to dismiss Raben Tire Co.'s claim for misappropriation under the DTSA, and urge the Court to decline to exercise supplemental jurisdiction over Raben Tire Co.'s remaining state-law claims.[1]   [*See* R. 12-1 at 5–9 (Memorandum in Support).]   In the main, Raben Tire Co. has not plausibly alleged how the information discussed above qualifies as a "trade secret" under federal law.   [*Id.* at 7–8.]   Even giving Raben Tire Co. the benefit of the doubt, to which it is entitled, McFarland, Bates, and Tredroc Tire are right.   Therefore, the Court will dismiss Raben Tire Co.'s federal misappropriation claim and decline to exercise supplemental jurisdiction over the remainder of this action.

### A.

Congress adopted the DTSA to "provide a single, national standard for trade secret misappropriation" with an eye toward promoting "clear rules and predictability" in trade-secrets litigation.   H.R. Rep. No. 114-529, at 6 (2016); *see also* S. Rep. No. 114-220, at 2 (2016).   To those ends, the DTSA creates a private cause of action in favor of the "owner of a trade secret that is misappropriated . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."   18 U.S.C. § 1836(b)(1).   Under the DTSA, a "trade secret" is, generally speaking, information that the owner "has taken reasonable measures to keep . . . secret" and that "derives independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain

---

[1] Raben Tire Co., LLC's claim for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 (DTSA), 28 U.S.C. § 1831 *et seq.*, is the only basis for subject-matter jurisdiction, *see* 18 U.S.C. § 1836(c); 28 U.S.C. § 1331, since the parties are not diverse, *see* 28 U.S.C. § 1332(a).

economic value from the disclosure or use of the information." *Id.* § 1839(3).   Raben

Tire Co. bears the burden of demonstrating that it took reasonable steps to maintain the

secrecy of the protected information.   *M.C. Dean, Inc. v. City of Miami Beach*, —— F.

Supp. 3d ——, ——, 2016 WL 4179807, at *4 (S.D. Fla. 2016); *cf. Niemi v. NHK Spring

Co.*, 543 F.3d 294, 302 (6th Cir. 2008) (same under Ohio Uniform Trade Secrets Act).

In this case, Raben Tire Co.'s complaint is entirely devoid of any allegations of

how it protected the information in question from dissemination.   There is no suggestion,

for example, that either McFarland or Bates were restricted from sharing that information

due to a nondisclosure agreement.   *See Mission Measurement Corp. v. Blackbaud, Inc.*, –

—— F. Supp. 3d ——, ——, 2016 WL 6277496, at *6 (N.D. Ill. 2016) (finding plaintiff

had adequately pleaded reasonable efforts to maintain secrecy of information by use of

confidentiality and nondisclosure agreements).   Beyond referring to the information as

"confidential and proprietary," the complaint contains no factual allegations from which

to plausibly infer that Raben Tire Co. took *any* steps to maintain its secrecy.   Although

McFarland, Bates, and Tredroc Tire's motion placed that issue squarely in dispute, [*see*

R. 12-1 at 7–8], Raben Tire Co. neglected to address the point, [*see* R. 16 at 4–7].   Even

viewing the complaint in the light most favorable to Raben Tire Co., the omission is fatal

to its claim for misappropriation of trade secrets under the DTSA.

## B.

Having dismissed Raben Tire Co.'s sole federal claim, the Court declines to

exercise supplemental jurisdiction over the remaining state-law claims.   *See* 28 U.S.C.

§ 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012);

*see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d

ed.), Westlaw (database updated April 2016) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."). "When, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'" *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Accordingly, the Court will dismiss Raben Tire Co.'s state-law claims—though without prejudice.

## IV.

Dennis R. McFarland, Christopher Bates, and CBA Tire Inc. and Antioch Tire, Inc., d/b/a Tredroc Tire's Motion to Dismiss, [R. 12], is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Raben Tire Co., LLC's claim for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016 is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Raben Tire Co., LLC's remaining state-law claims are **DISMISSED WITHOUT PREJUDICE**.

Raben Tire Co., LLC's Motion for Leave to Conduct Discovery, [R. 8], is **DENIED AS MOOT**.

A separate order and judgment shall issue.

Date:

cc:     Counsel of Record